**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Sammy P.,[1]

Plaintiff,

v.

Frank Bisignano,
*Commissioner of Social Security Administration*,

Defendant.

Case No. 26-cv-3161 (DJF)

**SOCIAL SECURITY SCHEDULING ORDER**

---

Pursuant to the Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g) and Local Rules 7.2 and 72.1, the following shall apply to this case.

## I. PAGE LIMITS AND SCHEDULE

| | |
|---|---|
| Plaintiff's Opening Brief, **limited to 18 pages or 6300 words, whichever is less**, is due: | **September 30, 2026** |
| Defendant's Response Brief, **limited to 18 pages or 6300 words, whichever is less**, is due: | **October 30, 2026, or within 30 days of the date the opening brief is filed, whichever is earlier.** |
| Plaintiff's Optional Reply Brief, **limited to 9 pages or 3150 words, whichever is less**, is due: | **November 13, 2026, or within 14 days of the date the response is filed, whichever is earlier.** |

These dates and page/word limitations are firm and can be changed only by order of the Court, not by agreement of counsel or the parties, and must be supported by a showing of good

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in orders in Social Security matters.

cause.[2] The Court will consider the case on written submissions unless otherwise ordered.

## II. BRIEFING REQUIREMENTS

### A. Plaintiff's Opening Brief

(a) On page one, Plaintiff must provide a short and plain listing of each error alleged, followed by a clear statement of the relief requested. General statements such as "the ALJ's decision is not supported by substantial evidence," are unacceptable. **The Court will not consider or rule on assignments of error that are not listed in this section of the opening brief**.

(b) Plaintiff shall provide a brief summary of the relevant procedural history and present the relevant facts in the argument section in the context of the specific errors alleged. Plaintiff should not set forth a separate lengthy recitation of background facts or medical evidence.

(c) The opening brief must fully explain each issue raised on page one and cite to the specific pages of the administrative record and relevant legal authorities that support each argument and request for relief.

(d) The Court is familiar with the standard of review and the five-step sequential evaluation process. The parties should thus avoid boilerplate discussions of these standards and should focus on applying relevant and controlling legal authority to the specific facts of this case.

### B. Defendant's Response Brief

(a) Beginning on page one, Defendant shall indicate whether each error raised in the opening brief is disputed or undisputed. Defendant need not address plaintiff's procedural summary unless there is disagreement. Subsequent sections of the response brief must respond to

[2] Counsel has a professional obligation not to accept more clients than counsel can serve within the deadlines established under the Rules. That counsel may have a heavy workload due to factors within counsel's control will not be deemed to constitute good cause.

each disputed assignment of error and request for relief and must cite to the specific pages of the administrative record and relevant legal authority that apply.

**C. Plaintiff's Reply**

Plaintiff's Reply brief should respond to Defendant's Response brief. A reply may not raise any new issues.

**D. Artificial Intelligence**

(1) Filings that cite hallucinated or other non-existent authorities as the result of a filer's obvious use of artificial intelligence in generating the submission may be rejected and may result in sanctions.

(2) Filings that include any misrepresentation of legal authorities and/or failure to cite applicable contrary legal authorities, whether resulting from the filer's use of artificial intelligence or otherwise, may be rejected and may result in sanctions.

(3) Filings that do not comply with this Order or applicable law or Rules, including the Court's Local Rules, may be rejected and not considered in the adjudication of this case.

**III. MOTIONS**

Motions to modify this Scheduling Order, for attorneys' fees, or for other non-dispositive relief must comply with Local Rules 7.1(a) and 7.1(b), except that, unless otherwise ordered, the Court will consider motions on the written submissions. The moving party is not required to contact the courtroom deputy to schedule a hearing or file a notice of hearing. Failure to comply with these requirements may result in denial.

**SO ORDERED**.

Dated: September 1, 2026

*s/Dulce J. Foster*
Dulce J. Foster
United States Magistrate Judge